UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COLORADO CAPITAL INVESTMENTS, INC.,
Successor in Interest to Providian Bank,

                Plaintiff,                **ORDER**
                                        CV 03-1126 (JS) (WDW)
       -against-                        & CV 03-1032 (JS) (WDW)

CHARLES OWENS,
                Defendant & Third Party Plaintiff,


       -against-


PROVIDIAN FINANCIAL CORP.,
NATIONWIDE CREDIT, INC., &
ARS NATIONAL SERVICES, INC.,
                Third Party Defendants,
------------------------------------------------------------X

**WALL, Magistrate Judge:**

      By order dated October 28, 2005, the undersigned reserved decision on Charles Owens's

motion to deem requests to admit to defendant Nationwide Credit, Inc. admitted [see Docket

#83], pending the close of discovery.  Discovery has now closed, and by order dated May 4,

2006, the undersigned directed the parties to submit new papers in regard to the motion or, in the

case of the movant Mr. Owens, to rest on his original papers.  Owens chose to rest on his original

motion [see Dkt. #139]; Nationwide entered opposition [Dkt. #137]; and Owens submitted a

reply [Dkt. #141].  For the reasons set forth herein, the motion is denied.

      Federal Rule of Civil Procedure 36 provides that a matter is admitted "unless, within 30

days after service of the request, . . . , the party to whom the request is directed serves upon the

party requesting the admission a written answer or objection to the matter, signed by the party or

the party's attorney."   In his motion, Owens states that he served Requests to Admit on National

on August 19, 2005, that responses were due by September 21, 2005, and that no response was

received until October 15, 2005.  Thus, he argues, all of the requests were admitted pursuant to Rule 36.

In its opposition, Nationwide asserts that it served its responses to the requests to admit on September 30, 2005[1].  That date was approximately ten days beyond the time allowed by Rule 36, and  the requests were thus admitted pursuant to the Rule.  That does not, however, end the inquiry.  Rule 36 establishes that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(a).   Subject to the provision of Rule 16 regarding amendment of a pretrial order, the court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  Rule 36 (b).  The "decision to excuse the defendant from its admissions is in the court's discretion."  *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 651-52 (2d Cir. 1983).

The court will excuse Nationwide from the admissions that flowed from its untimely response. There is a preference for resolution of issues on their merits and here, there is no basis for finding that Owens will be prejudiced in maintaining his action on the merits if Nationwide's admissions are excused.  Although Nationwide technically admitted to all of the requests set forth in Owens's Requests to Admit by automatic operation of Rule 36, Nationwide also filed responses, albeit untimely.  Pursuant to those responses, Nationwide admits Requests numbers 1, 2 and 3(b), and has correctly identified Requests numbers 3(a), 4 and 6 as directed at another

---

[1]The court declines to enter the fray over whether the responses were served on September 30 or October 15, inasmuch as they were untimely on either date.

defendant. The court will accept those responses.

Request number 5 stated that "Defendant Nationwide Credit Inc. telephoned the Plaintiff between September 2000 and April 2001." Nationwide responded that "Inasmuch as the request involves a central fact in the case, [it] is improper." This would appear to be an improper response to the request. Rule 37 provides that "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." As to response number 5, Nationwide must, by **May 30, 2006,** submit a revised response or legal argument as to why the response is proper.

Nationwide should also redo its response to Request number 7, which stated that "Defendant Nationwide Credit, Inc. is not licensed to practice law in the State of New York." Nationwide responded that Request number 7 is irrelevant to this action, and the court questions whether relevance is a valid ground for not answering. As with the response to request number 5, Nationwide must, by **May 30, 2006,** submit a revised response or legal argument as to why the response is proper.

Dated: Central Islip, New York               **SO ORDERED:**
       May 23, 2006

                                         /s/ William D. Wall
                                        WILLIAM D. WALL